# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | |
|---|---|
| SHANIQUIA STANLEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No.** |
| | ) **1:26-CV-00086-JRH-BKE** |
| **BOYS & GIRLS CLUB OF** | ) |
| **GREATER AUGUSTA,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Plaintiff had poor performance.  So Defendant Boys & Girls Club of Greater Augusta ("BGCGA") terminated Plaintiff's employment.  On her way out, Plaintiff accepted a severance payment from BGCGA and agreed to waive all claims she might have had against it.  Now, Plaintiff has approached this Court seeking even more from BGCGA, a nonprofit, community-based organization that provides safe spaces for children (Doc. 1).  BGCGA moves to dismiss with prejudice based on Plaintiff's voluntarily-executed release, which she references and incorporates into her complaint.

Alternatively, Plaintiff's allegations fail to state a claim or have no legal basis. Plaintiff voluntarily agreed to change to a different health insurance plan.  BGCGA covered the increased premiums so Plaintiff had no additional out-of-pocket costs. And BGCGA ensured the new plan would provide the same coverage.  Plaintiff's

complaint does not allege otherwise.  And Plaintiff's final claim is one that can only be brought against health insurers, not employers.  The Court should dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a charge of discrimination in June 2024 alleging, among other things, that she was subjected to disability discrimination (not failure to accommodate) and retaliation (Doc. 6-1 at 2-4).  She requested and received a notice of right to sue on February 12, 2026 (*Id.* at 5-9).

Plaintiff then filed her Complaint in this Court alleging disability discrimination and retaliation, and added new claims of failure to accommodate, ERISA interference and retaliation, and "health-status discrimination and benefits interference under ERISA" (Doc. 1).  Plaintiff began working as Director of Academic Success at BGCGA in August 2021 (*Id.* ¶ 19).  She disclosed that she had multiple sclerosis (*Id.* ¶ 20).  BGCGA then promoted her twice (*Id.* ¶ 24).[1]

---

[1] Several of the complaint's allegations are self-serving and conclusory.  BGCGA does not repeat them here because the Court need not treat them as true for purposes of this motion.  The Court does not accept mere legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court does not accept "conclusory statements" as true.  *Id.*  The Court does not draw inferences in a plaintiff's favor when there is an "obvious alternative explanation" for the allegations.  *Id.* at 682.  The Court does not draw inferences based on bald assertions.  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  The Court instead draws on its "experience and common sense," *Iqbal*, 556 U.S. at 664, and rejects unwarranted deductions of fact, *Aldana*, 461 F.3d at 1248.

Plaintiff was covered under BGCGA's group health insurance plan and received medical care in New Jersey, either virtually or in-person, even after relocating to Augusta (*Id.* ¶¶ 30-34). Around January 2024, Plaintiff also disclosed she had Crohn's disease and, around the same time – whether before or after her disclosure, the Complaint does not say – BGCGA informed Plaintiff that BGCGA's plan premiums would be increasing more than $60,000 due to Plaintiff's conditions and treatment (*Id.* ¶¶ 35-38). BGCGA asked Plaintiff to take a "comparable" individual policy, which Plaintiff moved to (*Id.* ¶¶ 39, 41).[2] She had to pay premiums on the plan (*Id.* ¶ 43).

Plaintiff's doctors in New Jersey did not accept the plan (*Id.* ¶¶ 46-47). Other providers in Atlanta and Augusta either did not accept the plan or had wait times up to twelve months for an appointment (*Id.* ¶¶ 48-49, 67). Plaintiff also learned she would need a referral to a new specialist (*Id.* ¶ 60).

In June 2024, BGCGA terminated Plaintiff's employment for poor performance (*Id.* ¶¶ 86-87). Plaintiff then signed a severance agreement, which she now seeks to avoid (*Id.* ¶¶ 95-99). BGCGA paid Plaintiff two months of salary and extended her insurance coverage from June 3, her termination date, through June 30

---

[2] Here, the Complaint carefully avoids acknowledging that Plaintiff did, in fact, voluntarily accept the plan. The Complaint instead has a conclusory allegation that "Plaintiff was not given a 'meaningful choice'" (Doc. 1 ¶ 40) without any further explanation of what Plaintiff did when BGCGA presented the plan.

3

(Attachment 1, Severance Agreement, at 1).  In return, Plaintiff released BGCGA of "any claims" related to her employment with and separation from BGCGA, including claims arising under the Americans with Disabilities Act ("ADA") (*Id.* at 1-2).  Plaintiff confirmed that, other than the severance payment and extended benefits given in exchange for her release, she had received all benefits to which she was entitled (*Id.* at 2).  Plaintiff acknowledged she read the agreement, understood it, and knowingly and voluntarily accepted it to get her severance payment and extended benefits (*Id.* at 3-4).

## MEMORANDUM OF LAW

### LEGAL STANDARDS

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).  "For this reason, a court may dismiss a complaint pursuant to Rule 12(b)(6) on a dispositive issue of law."  *Id.*; *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) (noting "the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction").

A party may also challenge a lack of exhaustion of administrative remedies in a Title VII complaint through a motion to dismiss under Rule 12(b)(6).  *E.g., Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 609 (11th Cir. 2017).  Generally, "[w]hen

considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.12 (11th Cir. 2005). This is not true when the motion to dismiss is based on the defense of failure to exhaust administrative remedies. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

Finally, a party may use Rule 12(b)(6) to dispose of complaints that fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint that fails to state a claim must be dismissed. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (noting that Rule 12(b)(6) "allows of no discretion in the usual sense. The complaint is either good or not good.").[3]

## ARGUMENT

Plaintiff released all the claims she brought in this action. The Court should dismiss with prejudice on that basis. But even if the Court were to look beyond the release, Plaintiff's claims suffer from being unexhausted, implausible, or unsupported by any cognizable legal theory.

---

[3] Decisions of the former Fifth Circuit from on or before September 30, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

## I.      Plaintiff Released All Her Claims.

At Plaintiff's termination, BGCGA paid Plaintiff an extra two months of salary and extended her benefits for over three weeks (Attach. 1 at 1).  In return, she released "any claims" she had against BGCGA related to her employment and termination, including under the ADA, and confirmed she had received all benefits due to her up until that point (*Id.* at 1-2).

BGCGA acknowledges that it has attached the release and that it is outside the four corners of Plaintiff's complaint and exhibits, and further asks this Court to consider dismissal under Fed. R. Civ. P. 12(b)(6) based on that additional document. This is generally not allowed, and the motion should typically be converted to one for summary judgment. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984), *superseded by statute on other grounds as acknowledged in Chapman v. Dunn*, 129 F.4th 1307, 1318 n.7 (11th Cir. 2025).  But an important exception exists: the Court properly considers any document that is central to the claims and unchallenged in authenticity when deciding a motion to dismiss. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).  The release is undoubtedly central to Plaintiff's claims and authentic – she references in five separate paragraphs of her complaint (Doc. 1 ¶¶ 95-99) and does not once indicate the document itself is untrustworthy or incomplete.

And there is yet another hurdle for BGCGA to properly get the release before this Court, but it is a hurdle BGCGA can clear. Release is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Affirmative defenses are usually not properly raised in a motion under Fed. R. Civ. P. 12(b)(6). *Quiller v. Barclays Am./Credit*, 727 F.2d 1067, 1069 (11th Cir. 1984). But again, there is an exception when the affirmative defense "clearly appears on the face of the complaint." *Id.* That is the case here (Doc. 1 ¶¶ 95-99).

With the release properly before this Court, then, the question becomes one of enforceability. She first alleges that the release did not contain appropriate statutory safeguards under the Older Workers Benefit Protection Act ("OWBPA") (*Id.* ¶ 95). But those safeguards only apply to waiver of rights "under this chapter," meaning under the Age Discrimination in Employment Act. 29 U.S.C. § 626(f)(1); *Oubre v. Entergy Operations*, 522 U.S. 422, 426 (1998). Plaintiff brings no age discrimination claim here (Doc. 1). So the alleged OWBPA defect has no bearing here. *See Stanley v. United Airlines, Inc.*, No. 6:23-cv-90-CEM-DCI, 2024 U.S. Dist. LEXIS 226937, at *9 (M.D. Fla. Dec. 16, 2024) (holding the OWBPA "does not apply to any other laws, including the ADA" and collecting cases).

Plaintiff's remaining allegations about the release are meritless. She alleges insufficient consideration, duress of not receiving care, and lack of voluntariness (Doc. 1 ¶¶ 96). These allegations are internally inconsistent. She received months

7

of salary and nearly a month of continued benefits to which she was not entitled, and she has not returned it. Plaintiff seeks simultaneously to retain the consideration paid for her release and avoid the release itself. She repeatedly alleges she was already not receiving sufficient care *before* BGCGA presented the severance agreement to her (Doc. 1 ¶¶ 46-51, 60-62, 69-71, 80-82, 85). Under her own allegations then, there was no loss of care with which she could be threatened such that she would be under duress. And Plaintiff acknowledged twice that she read and understood the agreement, and she further agreed that she "knowingly and voluntarily" accepted its terms (Attach. 1 at 3-4).

Plaintiff's allegations also focus on the wrong factors. This Court should consider Plaintiff's education and business experience, time before signing, clarity of the agreement, opportunity to consult with an attorney and encouragement to do the same, and consideration provided in relation to what Plaintiff was already entitled to. *Puentes v. United Parcel Serv. Inc.*, 86 F.3d 196, 198 (11th Cir. 1996).

These factors favor BGCGA. It hired Plaintiff as a Director and eventually promoted her to a Vice President role (Doc. 1 ¶¶ 19, 24), so she was educated and had sophisticated business experience. And while the agreement makes no mention of the time for her to consider it or whether she had an opportunity to consult with an attorney, it did provide her two months of salary and over three additional weeks of benefits coverage to which she had no entitlement (Attach. 1 at 1). The release is

8

also very explicit that Plaintiff was waiving all claims, including under the ADA (*Id.* at 1-2). "Although [Plaintiff] certainly faced economic pressure in the sense that [s]he was offered an economic incentive to release any claims [s]he might have, it was neither of the degree nor kind of pressure affecting the voluntariness of the waiver." *Myricks v. FRB*, 480 F.3d 1036, 1042 (11th Cir. 2007) (citing *Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 452 n.2 (3d Cir. 1988)).

In sum, Plaintiff had a valid and enforceable release that she agreed to and for which she received additional money and benefits from BGCGA. She cannot now double dip by bringing suit over those released claims. The Court should dismiss with prejudice.[4]

## II.   Plaintiff's Claims in This Court Should Be Limited to the Scope of Her Charge.

Even if the Court does not dismiss Plaintiff's complaint based on release, the complaint has other fatal flaws. BGCGA starts first with Plaintiff's claim of failure to accommodate (Doc. 1 at 15-16). Plaintiff did not raise this issue in her EEOC charge (Doc. 6-1).

---

[4] The agreement also contains a contractual remedies provision addressing claims brought in contravention of the release. Accordingly, if Plaintiff elects to continue pursuing claims barred by the Agreement, BGCGA reserves all rights available under that provision, including pursuing its attorneys fees and costs pursuant to Georgia's bad faith and stubborn litigiousness statute now that BGCGA has given notice of the issue.

A plaintiff who wishes to sue in federal court based on race, color, or sex discrimination, or retaliation, must first file an EEOC charge within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(c).  A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004).  New allegations of discrimination in the judicial complaint are "inappropriate."  *Id.* at 1279-80.

This Court should dismiss Plaintiff's claim of failure to accommodate because it is unexhausted.  Her charge made no mention that she "requested assistance" with her lack of coverage, that BGCGA's response to the same amounted to a failure to engage in the interactive process, or that she otherwise requested restoration to BGCGA's group health insurance plan as an accommodation (*compare* Doc. 1 ¶¶ 111-14 *with* Doc. 6-1).  The charge therefore could not have "trigger[ed] the investigatory and conciliatory procedures of the EEOC" as to those bases.  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).  As such, this is not just an issue where Plaintiff failed to check the right box but gave sufficient factual detail in the body of her first charge.  *Cf. Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (noting the plaintiff "exhausted her administrative remedies because she included in the Charge facts supporting her ADA accommodation claim that are 'like or related to' the ADA retaliation claim she alleged in federal district court").

10

Further, the Complaint allegations do nothing to "amplify, clarify, or more clearly focus the allegations" in Plaintiff's charge. *Gregory*, 355 F.3d at 1279 (2004). Plaintiff's charge merely alleged that she disclosed disabilities and complained about her health insurance, and that she was terminated thereafter (Doc. 6-1). It notably alleges in the last paragraph only disparate treatment and retaliation, not failure to accommodate (*Id.*). The claim in her complaint about failure to accommodate, then, is a new theory of discrimination that is "inappropriate" to bring in this action. *Id.* at 1279-80. Plaintiff's claims before this Court are therefore limited strictly to the scope of her charge. *Alexander v. Fulton Cty.*, 207 F.3d 1303, 1332 (11th Cir. 2000). The Court should dismiss Plaintiff's failure-to-accommodate claim for failure to exhaust.

### III. The Court Must Dismiss Plaintiff's Claims Because They Are Not Plausible.

Plaintiff's remaining claims are conclusory and implausible. She alleges disability discrimination and failure to accommodate for being moved off the group health plan, ADA retaliation for complaining about her new plan and being terminated, ERISA retaliation for being removed from the health plan and being told her benefits would end upon her employment termination, and ERISA "health-status" discrimination (Doc. 1).

To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to state a claim for relief that is "plausible on its face."

11

*Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010).  A plaintiff need not plead more facts than she may ultimately need to prove to succeed on the merits.  *Hernandez v. Careersource Palm Beach Cty., Inc.*, No. 23-12285, 2025 U.S. App. LEXIS 13212, at *10 (11th Cir. May 30, 2025) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).  But a plaintiff still needs to provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . ." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" will not suffice, *id.*, and neither will mere "[l]abels and conclusions" that fail to rise above a "speculative level," *Twombly*, 550 U.S. at 555.

The Complaint does not contain plausible allegations about any of these claims, starting with disability discrimination.  Plaintiff does not have to plead a *prima facie* case under *McDonnell Douglas*, but she does have to show she suffered an adverse action due to intentional discrimination.  *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (applying this standard in reviewing race discrimination claims).  But she has not done so.  She alleges she was the "only employee" removed from BGCGA's group health insurance plan (Doc. 1 ¶ 41).  But she does not allege that every other employee who was on it was *not* disabled, or give any indication this movement was motivated by her disabilities.  Instead, her own complaint gives a legitimate non-discriminatory reason: a $60,000+ increase in

12

premiums for BGCGA (Doc. 1 ¶ 38). And she also acknowledges she was promoted, twice, after disclosing she had a disability (*Id.* ¶¶ 20, 24). It would make little sense for BGCGA to promote Plaintiff knowing her disabilities only to later fire her for the same (*Id.* ¶ 104).

Plaintiff's failure to accommodate claims is equally implausible. She claims she complained about her insurance providing inadequate coverage (*Id.* ¶ 111). But accommodations are for limitations from impairments, not limitations from benefits. 42 U.S.C. § 12112(a)(5)(A). To the extent Plaintiff alleges being on a different health plan denied her a privilege or benefit of employment, *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 757 (11th Cir. 2023), she acknowledges she received a health insurance plan just like everyone else (Doc. 1 ¶¶ 39, 41).

And she has not plausibly shown she suffered an "adverse employment action" because of any alleged failure to accommodate. *Id.* at 746, 754. She alleges she had to pay her premiums (Doc. 1 ¶ 43) but not that they increased (nor could she truthfully do so, as BGCGA increased its payment of the employer costs to prevent Plaintiff's premiums from rising). She instead complains her providers in New Jersey would not accept the plan and that providers in Atlanta and Augusta had long waits (*Id.* ¶¶ 47-49). But at that point, she had been living in Augusta for over two-and-a-half years without establishing local care (*Id.* ¶¶ 19, 36-69). She cannot hold BGCGA accountable for an issue entirely outside its control, namely Plaintiff's own

13

personal preferences to receive care hundreds of miles away. *See McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 800 (11th Cir. 2014) (holding that issues outside the employer's making, such as "unpleasant weather conditions," do not constitute adverse employment actions for purposes of a discrimination claim).

Plaintiff's complaint next fails to state a claim of retaliation. This claim is predicated entirely on Plaintiff complaining about her health insurance (Doc. 1 ¶¶ 118-19). But that was not protected activity under the ADA, as already established. And general complaints such as these do not count as protected activity even in a more general sense. *Cf. Coutu v. Martin County Bd. of County Comm'rs*, 47 F.3d 1068 (11th Cir. 1995) (holding general complaints not referencing unlawful discrimination are not protected opposition).

Next is Plaintiff's claim of ERISA retaliation. "To prevail on an ERISA interference claim, a plaintiff 'must introduce evidence suggesting that the employer's decision was directed at ERISA rights in particular.'" *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010). Nowhere in the complaint does Plaintiff allege that she sought plan benefits, that BGCGA knew she did so, and that antagonism or adverse action followed as a result.

Finally, Plaintiff's "health-status" discrimination claim under ERISA is also implausible. Even assuming this section of ERISA applies (which it does not, as argued below), Plaintiff's own complaint acknowledges that BGCGA asked her to

14

move to an individual plan because of across-the-board premium increases, not Plaintiff's health status, and does not allege Plaintiff was found ineligible to enroll in the plan she was offered because of her disabilities.  All of Plaintiff's claims are implausible and should be dismissed for failure to state a claim.

### IV.    Plaintiff's ERISA Health-Status Discrimination Fails as a Matter of Law.

Plaintiff's final count in her complaint relies on 29 U.S.C. § 1182.  According to Plaintiff, this statute applies to group health "plan sponsors" (Doc. 1 ¶ 136).  That is an incorrect assertion.  It applies to "a group health plan, and a health insurance issuer…"  29 U.S.C. § 1182.  Neither entity is defined to include individual employers like BGCGA.  *Id.* § 1191b(a)(1), (b)(2).  This claim fails as a matter of law and should be dismissed.  *Patel*, 904 F.3d at 1321.

### CONCLUSION

The Court should dismiss Plaintiff's complaint with prejudice because she executed a release of all her claims.  But even if the Court does not agree, Plaintiff failed to exhaust her failure-to-accommodate claim, all of her claims are implausible, and her health-status discrimination claims fail as a matter of law.  The complaint therefore still requires dismissal.

[signatures on following page]

Submitted this 8th day of July, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Jeffrey S. Wilson*

Jeffrey S. Wilson
Georgia Bar No. 119898
Jeff.Wilson@jacksonlewis.com
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 586-8200
Facsimile: (404) 525-1173

*Attorneys for Defendant*

OF COUNSEL:

Najmah James*
*Not admitted to practice in SDGA*
JACKSON LEWIS P.C.

16

## CERTIFICATE OF SERVICE

I hereby certify that, on July 8th, 2026, the foregoing **MOTION TO DISMISS WITH PREJUDICE** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to the following counsel of record:

Tracey T. Barbaree
MOELLER BARBAREE LLP
1355 Peachtree Street N.E.
Suite 1100
Atlanta, GA 30309
tbarbaree@moellerbarbaree.com

*/s/ Jeffrey S. Wilson*
Jeffrey S. Wilson
Georgia Bar No. 119898